**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**


LAWANDA BENTLER, et al.,

                Plaintiffs,

v.                                  CIVIL ACTION NO.  2:11-cv-00481

JOHN W.F. HANER, et al.,

                Defendants.


**MEMORANDUM OPINION & ORDER**

Pending before the court is the plaintiffs Lawanda Bentler and Destiny A. Bentler's Motion to Remand [Docket 7].  For the reasons discussed below, the plaintiffs' Motion to Remand is **GRANTED**.

**I.**      **Background**

      A.    *Facts*

Beginning in or around March 2004, the defendants leased two "dwelling units" in Boone County, West Virginia to Joanne Clarke on a month-to-month lease.  (Compl. [Docket 1-1], at ¶¶ 4-5.)  The plaintiff Lawanda Bentler subleased one of the dwelling units from Ms. Clarke. (*Id.* ¶ 5.)  Ms. Bentler's sublease began on approximately March 26, 2004, and lasted until at least October 24, 2007.  (*Id.*)  Ms. Bentler lived in the dwelling unit with her daughter, Destiny Bentler, who was about eighteen months old.  (*Id.* ¶ 6.)

In 2007, Destiny Bentler tested positive for lead exposure.  (*Id.* ¶ 7.)  The West Virginia Department of Health and Human Resources inspected the dwelling unit that Ms. Bentler had sublet and discovered "peeling and flaking paint on both the interior and exterior of the home." (*Id.* ¶ 8.)  Subsequently, certain areas within the dwelling unit "tested positive for lead-based paint" and "elevated lead levels were found in the soil surrounding the home."  (*Id.*)  Ms. Bentler asserts that the defendants negligently "failed to disclose their knowledge of possible lead contaminants within the home."  (*Id.* ¶ 11.)  As a result of this alleged failure to notify, Ms. Bentler claims that Destiny Butler suffered "significant and permanent injuries" and that Destiny will have "future medical problems which are permanent in nature."  (*Id.* ¶¶ 9, 12.)

      B.    *Procedural History*

This action was filed in the Circuit Court of Boone County, West Virginia.  The defendants filed their Notice of Removal [Docket 1] on July 14, 2011.  On August 4, 2011, the plaintiffs filed their Motion to Remand [Docket 7].  The Motion is now ripe for review.

## II.    Standard of Review for Motion to Remand

An action may be removed from state court to federal court if it is one over which the district court would have original jurisdiction.  28 U.S.C. § 1441(b).  The burden of establishing federal jurisdiction is placed on the party seeking removal.  *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994).  Removal jurisdiction raises significant federalism concerns and therefore must be strictly construed.  *Id.*  If federal jurisdiction is doubtful, remand is necessary.  *Id.*

Removal in the instant case is premised on 28 U.S.C. § 1332(a), which states:  "The district courts shall have original jurisdiction of all civil actions where the matter in controversy

exceeds the sum or value of $75,000, exclusive of interests and costs, and is between [] [c]itizens of different States . . . ."  28 U.S.C. § 1332(a).  Courts in this district have adopted the preponderance of the evidence standard for determining whether the amount in controversy exceeds $75,000.  *See, e.g.*, *McCoy v. Erie Ins. Co.*, 147 F. Supp. 2d 481, 489 (S.D. W. Va. 2001); *Sayre v. Potts*, 32 F. Supp. 2d 881, 885 (S.D. W. Va. 1999).  Thus, the defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy in the case exceeds $75,000.  To do so, the defendant "must offer more than a bare allegation that the amount in controversy exceeds $75,000."  *Sayre*, 32 F. Supp. 2d at 886.

This court is not limited by either party's presentation of the evidence.  The court may "look to the entire record before it and make an independent evaluation as to whether or not the jurisdictional amount is in issue."  *Id.* (quoting *White v. J.C. Penney Life Ins. Co.*, 861 F. Supp 25, 27 (S.D. W. Va. 1994)).  In determining the jurisdictional amount, a court in this district noted:

> Important items of proof would be the type and extent of the plaintiff's injuries and the possible damages recoverable therefore, including punitive damages if appropriate.  The possible damages recoverable may be shown by the amounts awarded in other similar cases.  Another factor for the court to consider would be the expenses or losses incurred by the plaintiff up to the date the notice of removal was filed.  The defendant may also present evidence of any settlement demands made by the plaintiff prior to removal although the weight to be given such demands is a matter of dispute among courts.

*Watterson v. GMRI, Inc.*, 14 F. Supp. 2d 844, 850 (S.D. W. Va. 1997) (citations omitted).

## III.   Analysis

The plaintiffs argue that the defendants have not proven that the amount in controversy exceeds $75,000.  (Pls.' Mem. in Support of Mot. to Remand [Docket 7], at 2.)  The plaintiffs claim that the defendants have only provided "bare and conclusory allegations" that the amount

in controversy exceeds the minimum required by § 1332 and have not offered any concrete evidence of the amount.  (*Id*. at 4.)  In contrast, the defendants assert that they have met their burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000.  (Defs.' Resp. to Pls.' Mot. to Remand [Docket 11], at 7.)  Specifically, the defendants rely on the seriousness of Destiny Bentler's alleged injuries and that the Complaint alleged that she "suffered significant and permanent injuries."  (*Id*. at 4.)

In the instant case, the Complaint does not request a specific amount of damages.[1]  When determining the amount in controversy, courts often consider the seriousness and nature of the plaintiffs' alleged injuries, along with medical costs.  *See Elliott v. Wal-Mart Stores, Inc.*, No. 5:08-cv-30, 2008 WL 2544650, at *2 (N.D. W. Va. June 23, 2008); *McCormick v. Apache, Inc.*, No. 5:09-cv-49, 2009 WL 2985470, at *3 (N.D. W. Va. Sept. 15, 2009).  Here, the Complaint alleges that the defendants' actions resulted in "significant and permanent" injuries to Destiny Bentler, which will "cause future medical problems which are permanent in nature."  (Compl. [Docket 1-1], at 2-3.)  This alone is insufficient proof that the amount in controversy exceeds $75,000.  The defendants have failed to provide more than mere speculation that the amount in controversy exceeds $75,000, and there is insufficient evidence based on the face of the Complaint to determine that the amount in controversy meets the jurisdictional minimum.

Thus, the court **FINDS** that the defendants have not met their burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000.  Accordingly, the court **GRANTS** the plaintiffs' Motion to Remand [Docket 7].

---

[1]     W. Va. Code § 55-7-25 bars a plaintiff in a personal injury or wrongful death claim from seeking a specific damage amount in the complaint.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        October 25, 2011

Joseph R. Goodwin, Chief Judge